The opinion of the Court was delivered by
Gibson J.
This cause was removed to Lebanon county, pursuant to the act by which that county was erected ; after which, the defendant below, by a plea to the jurisdiction, contested the legality of the removal. A replication and rejoinder followed, and an issue was taken, but informally, on a matter of fact. While this issue was pending, the counsel for the defendant, considering the whole pleadings as immaterial, moved the Court to direct the cause to be sent back to Dauphin county, which was refused; but the Court, in the same summary manner, decided in favour of its own jurisdiction, and the cause being put at issue on a plea in bar, was tried on its merits by a jury. It plainly appears, that the issue resulting from the plea in abatement, was, though an issue of fact, either tried by the Court, or, not tried at all. Unless, therefore, such plea were a nullity, and liable to be treated as such, to proceed to trial on the merits, was error.' The plaintiff below, contends, the plea should *69 not have been received, on two grounds: because the order of the Court of Dauphin county was conclusive, and precluded all enquiry into the right of jurisdiction ; and because if it were not, the plea came too late; in either of which cases, as the plaintiff was not bound to reply, it was immaterial what further proceedings on it took place, or how it was disposed of. As to the first: I cannot doubt that the order of removal by the Court of Dauphin county was not conclusive. Power to decide, was not given to that Court; but the fifth section of the act directed, in general terms, that all suits that should be pending in Dauphin county on the first day of November then next ensuing, in which the defendant should be then residing in Lebanon county, should be transferred, and be considered as pending in the Court of the latter; and the prothonotary of Dauphin county was directed to make out a docket^ containing those cases, which, with the records and documents appertaining to them, were to be transmitted within a specified period. This duty was ministerial. How could the Court of Dauphin, act judicially in the matter i It had no process, to call the parties before it, or to ascertain the defendant’s residence, which was the fact on which the right of removal depended. Could the defendant be concluded, without an opportunity of being heard ? The removal of a cause is a serious matter; and to a party who does not reside within the county to which the removal is made, the inconvenience may be extremely oppressive, and his chance of an impartial trial greatly lessened. Was he to encounter this without a hearing, and without a chance of contesting its legality ? Although the removal was, I apprehend, the mere act of the prothonotary, which might, in the first instance be properly done, on the suggestion of either party, I am willing to allow that it was prima facie evidence .of its own propriety, so that if neither party had objected, the cause might have been well tried by the Court to which it was sent: but if the removal were in fact illegal, it is clear, that Court could acquire no jurisdiction, without the concurrence of both parties. Then the defendant could obtain redress, by no other mode than pleading to the jurisdiction, the absence of those facts which, alone, could authorise the removal. But it is said, the plea was not in time. An ordinary plea in abatement, must be put in within four days after the declaration has been delivered; but it *70 is obvious, the ordinary rules of pleading are not, in this respect, strictly applicable to a case like the present, where the cause may have been at issue, before it was transferred. All that the Court can do, in such a case, is to see, that the defendant avail himself of the first opportunity to plead this new matter arising since the last continuance. But here, the cause was not at issue, till long after it was transferred. It was ordered to be transferred at September Term, 1815 ; and at this time there was no declaration filed. In April, 1817, the plaintiff entered a rule of.reference, under the arbitration act, and on the second of August following, the arbitrators filed a report in his favour, from which the defendant appealed, on the I6thx>f the same month. Thus there was no act done by the defendant, except the entry of a'rule to take depositions, that coüld, in the remotest manner, recognise the jurisdiction from this time, till the 2d of February, 1818, -when the plaintiff filed his declaration ; and on that, the defendant instantly pleaded to the jurisdiction. Here, then, was no delay, that can conclude the defendant, who could dispute the jurisdiction only by a plea; and before the plaintiff declared, there was nothing to plead to. Taking for granted, that, as the Court had jurisdiction, in the abstract, over the subject matter, the defendant might, by his assent, wave all objections that were personal to himself, the question is, whether his acts, prior to the moment when he first had an opportunity to object, could have that effect. I think they could not: because, he was obliged to follow the cause before arbitrators, and to attend to it, when it came back into Court; for if he had not appealed from the award, he would have been forever concluded; and the rule to take depositions, may, for aught we' know, have been entered to secure the evidence of a dying witness, which otherwise would have been lost. But acts of confirmation, where they operate at all, are regularly matters for the discretion of the Court, to be urged against receiving the plea, and, where they are made out, will, by preventing a plea in the first instance, obviate the necessity of disclosing them in a replication. But it is clear, there were no acts of confirmation, under all the circumstances of the case. Then the plea being put in, in due time, and the supposed order of the Common Pleas of Dauphin county not being conclusive, it results, that the answers given by the defendant in error, are unavailing. *71 To this may be added, that, as by the provisions of the section under which the question arises, the prothonotary is to have his docket completed, and the records ready for delivery, at a particular day, it may well be doubted, whether the parties are not bound to make their election as to the exercise of the right of removal before that day j or whether, after, perhaps, repeated preparations for trial, and even after the cause was ordered on, it could be stopped by an application to have it transferred. But this is a question, not necessarily involved, and upon which we give no direct opinion. The judgment is reversed, and a venire facias de novo awarded.
J udgment reversed, and a venire facias de novo awarded.